**SO ORDERED.**

**SIGNED this 22 day of November, 2016.**

*Stephani W. Humrickhouse*
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| TRAVIS BRANDON ABBOTT | 15-06822-5-SWH |
| DEBTOR | |

### ORDER GRANTING MOTION FOR RELIEF FROM STAY

The matter before the court in this chapter 13 case is the motion for relief from the automatic stay ("Motion"), filed by Crystal Reimann ("Ms. Reimann"). Ms. Reimann seeks relief from the stay in order to proceed with a civil action pending against the debtor in the U.S. District Court for the Eastern District of North Carolina. The debtor opposes Ms. Reimann's requested relief. A hearing was held in Raleigh, North Carolina, on November 1, 2016.

### BACKGROUND

On November 6, 2015, Ms. Reimann initiated a civil action against the debtor, in his capacity as a police officer of the Town of Selma, and the Town of Selma in the Superior Court of Johnston County ("Civil Action"). In the Civil Action, Ms. Reimann seeks relief under eight theories: (1) illegal arrest (under North Carolina Constitution); (2) negligence; (3) battery; (4) false imprisonment;

(5) malicious prosecution; (6) punitive damages; (7) illegal arrest (under 42 U.S.C. § 1983); and (8) excessive force (under 42 U.S.C. § 1983).  On December 9, 2015, the Town of Selma filed a Notice of Removal and removed the Civil Action to the U.S. District Court for the Eastern District of North Carolina.  The debtor filed a petition under chapter 13 of the Bankruptcy Code on December 18, 2015, and on August 18, 2016, filed a Notice of Filing Bankruptcy Proceeding and the Automatic Stay with the district court.  On August 22, 2016, the district court stayed the Civil Action from proceeding pursuant to 11 U.S.C. § 362.  The Town of Selma likewise sought a stay of the litigation.

On September 30, 2016, Ms. Reimann filed the instant Motion seeking relief from the stay in order to proceed with the Civil Action in district court.  In support of her requested relief, Ms. Reimann asserts that if she is awarded a favorable judgment in the Civil Action, any damages would result in a claim that is nondischargeable under § 1328(a)(4), and thus she should be allowed to fix her claim.  The debtor opposes Ms. Reimann's motion primarily on the ground that § 1328(a)(4) mandates a *pre-petition* award of damages, and thus, the claim would be dischargeable.  The debtor maintains, therefore, that granting relief from the stay to fix a claim that would be dischargeable is an inefficient and futile use of court time and a burden to the debtor, who would have to defend the claim in district court.

## DISCUSSION

The procedure for terminating or modifying the automatic stay is set forth in § 362(d), which provides that the court may grant relief from the stay "for cause."  In determining whether cause exists to lift the stay, the court is tasked with weighing the potential prejudice to the bankruptcy estate against the potential hardship that will be incurred by the movant if relief is denied.  In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992).  Defense of Ms. Reimann's claim in district court if the

stay is lifted is asserted as a potential hardship by the debtor in the event that the claim is dischargeable. The parties agree that the only dispute before the court in this regard is whether a judgment for willful or malicious injury under § 1328(a)(4) must have been awarded pre-petition to be nondischargeable. If a pre-petition award is not required for nondischargeability under § 1328(a)(4), Ms. Reimann's claim may be nondischargeable, and thus relief from the stay should be granted to allow the unliquidated claim to be set by the district court.

Section 1328(a)(4) excepts from discharge any debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." § 1328(a)(4). The debtor, relying on Parsons v. Byrd (In re Byrd), 388 B.R. 875 (Bankr. C.D. Ill. 2007), maintains that "a pre-petition award of restitution or damages for willful or malicious injury is a prerequisite to a finding of non-dischargeability under § 1328(a)(4)." In re Byrd, 388 B.R. at 877. The court finds In re Byrd to reflect a minority view that has been rejected by the majority of courts to have considered the issue, and declines to follow its reasoning. See Waag v. Permann (In re Waag), 418 B.R. 373, 381 (B.A.P. 9th Cir. 2009); In re Adams, 478 B.R. 476, 483-84 (Bankr. N.D. Ga. 2012); In re Capote, Case No. 11-22087, 2012 WL 1597375, at *1 (Bankr. S.D. Fla. May 7, 2012); Miller v. Schaub (In re Schaub), Adv. Pro. No. 11-01811, 2012 WL 1144424, at *4-5 (Bankr. D.N.J. Apr. 4, 2012); Kubera v. Edmonds (In re Edmonds), Adv. Pro. No. 11-00137, 2011 WL 5909420, at *3 (Bankr. E.D.N.C. Aug. 22, 2011); Woods v. Roberts (In re Roberts), 431 B.R. 914, 919 (Bankr. S.D. Ind. 2010); Buckley v. Taylor (In re Taylor), 388 B.R. 115, 122 (Bankr. M.D. Penn. 2008).

The majority position reasons that "awarded" is merely "a past participial phrase that serves as an adjective modifying the nouns 'restitution' and 'damages.' A past participle is simply the form

of the verb used in the phrase and does not suggest past action." In re Taylor, 388 B.R. at 119. The court agrees. Moreover, in addition to the grammatical structure of § 1328(a)(4), public policy and common sense dictate the interpretation that a pre-petition award is not a requisite to § 1328(a)(4). Under the minority view, a debtor could theoretically avoid civil liability by filing for bankruptcy on the eve of a verdict. "Requiring an injured party to rush to the courthouse to obtain an award prior to the alleged tortfeasor filing a petition for relief under chapter 13 that could discharge the injured parties' debt is an absurd result and contrary to good legislative policy and intent." In re Edmonds, 2011 WL 5909420, at *3. This court rejects an interpretation that would render § 1328(a)(4) essentially meaningless, and holds that a pre-petition judgment is not necessary to except from discharge a claim under § 1328(a)(4).

Because it appears that an award in the Civil Action in Ms. Reimann's favor would be nondischargeable, it is appropriate to grant relief from the stay to allow the Civil Action to proceed. See In re Capote, 2012 WL 1597375, at *1. There is another reason why relief from the stay is appropriate here: the procedural limitation found in 28 U.S.C. § 157(b)(5), pursuant to which, "personal injury tort"[1] claims must be tried in the district court. §§ 157(b)(2); 157(b)(5); Stern v.

---

[1] Whether the Civil Action claims are personal injury tort claims for purposes of § 157(b)(5) was not addressed by the parties. However, the court interprets them as such for purposes of this order. Even under the most narrow interpretation of "personal injury tort," which requires trauma or bodily injury, the bulk, if not all, of Ms. Reimann's claims fall within this characterization. In re Nifong, No. 08-80034C-7D, 2008 WL 2203149, at *2 (Bankr. M.D.N.C. May 27, 2008). Further, North Carolina courts have steered clear of the narrow interpretation and decline to find that § 157(b)(5) requires actual bodily injury. See Moore v. Idealease of Wilmington, 358 B.R. 248, 252 (E.D.N.C. 2006); In re Nifong, 2008 WL 2203149, at *3. Six of Ms. Reimann's claims for relief are brought pursuant to 42 U.S.C. § 1983, which this district and others recognize as claims for personal injury torts for purposes of § 157(b)(5). In re Nifong, 2008 WL 2203149, at *3 (citing multiple authorities, and concluding that the "claims asserted against the Debtor that are claims under section 1983 are personal injury torts for purposes of section 157(b)(5) and that this court therefore lacks jurisdiction to adjudicate and

Marshall, 564 U.S. 462, 479 (2011); Yellow Sign, Inc. v. Freeway Foods, Inc. (In re Freeway Foods of Greensboro, Inc.), 466 B.R. 750, 777 (Bankr. M.D.N.C. 2012).  Other courts faced with this situation, i.e., a personal injury tort action stayed by a bankruptcy filing and followed by a nondischargeability proceeding, have likewise found it appropriate to grant relief from the stay to allow adjudication in the district court.  See In re Nifong, Case No. 08-80034C-7D, 2008 WL 2203149, at *4 (Bankr. M.D.N.C. May 27, 2008) (pre-Stern; finding that § 157(b)(5) presented a jurisdictional bar); see also In re Horn, Case No. 12-50207, 2012 WL 1978287 (Bankr. M.D.N.C. June 1, 2012) (judicial economy promoted by granting relief from stay because personal injury tort claims could not be adjudicated by bankruptcy court).

## CONCLUSION

For the reasons discussed above, the court finds that cause exists to allow relief from the stay to permit the Civil Action litigation to proceed.  Accordingly, Ms. Reimann's Motion is **GRANTED**.

**END OF DOCUMENT**

---

liquidate those claims."); Moore, 358 B.R. at 250-51.